United States Courts
Southern District of Texas
FILED
MAR 18 2025
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DAYANA ALEXANDER,**  *Plaintiff,*  V.  **SANDRA PEAKE**, in her individual capacity,  *Defendants.* | CAUSE NO.: |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a civil rights action brought under **42 U.S.C. § 1983**, brought to redress violations of Plaintiff's constitutional rights by the Defendant, a judge presiding over a family law case in the 257th Judicial District Court of Harris County, Texas. Defendant, acting under color of state law, deprived the Plaintiff of her rights to due process and equal protection under the **Fourteenth Amendment** to the United States Constitution.

2. Dayana Alexander (Plaintiff) states that Sandra Peake (Defendant), acting in her individual capacity under color of state law, violated Plaintiff's due process and equal protection rights. Plaintiff attests that the Defendant denied her a fair and impartial hearing by refusing a court reporter to record the proceedings and disregarding evidence and procedural safeguards. These actions deprived Plaintiff of her fundamental parental rights under the parental rights doctrine.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343(a)(3)** (civil rights jurisdiction).

4. Venue is proper in this Court under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in Harris County, Texas, which is within the jurisdiction of the Southern District of Texas

## PARTIES

5. Plaintiff, Dayana Alexander, a resident of Cypress, Texas. Her mailing address is P.O. Box 114, Hockley, Texas 77447.

6. Defendant, Sandra Peake, a judge of the 257th Judicial District Court in Harris County, Texas, is the defendant in this case. She is being sued in her individual capacity for injunctive and declaratory relief.

## FACTUAL ALLEGATIONS

7. The Defendant presides over the 257th Judicial District Court of Harris County, Texas, where a family law case (Cause No. 2024-78063) is pending. The Plaintiff in this case is the Respondent in the family law matter. The case stems from a divorce filing by Kenan Kerel Alexander on November 6, 2024, involving custody of their three children: M.A. (born August 15, 2007), K.A.J. (born May 20, 2011), and N.A. (born January 26, 2013).

8. On December 10, 2024, during a hearing in the family law case, Plaintiff requested that a court reporter be present to record the proceedings, as required under **Texas Government Code § 52.046(a)** and **Texas Family Code § 105.003(c)**. Defendant denied this request. Plaintiff explicitly objected to the absence of a record and did not waive her right to a court reporter and a court of record.

9. The denial of a court reporter deprived Plaintiff of the ability to create an official record of the proceedings, which is essential for appellate review and ensuring procedural fairness.

Defendant's reliance on an uncommunicated local rule requiring a form further exacerbated this deprivation, as no prior notice of such a requirement was provided. This rule conflicts with **Texas Government Code § 52.046(a)** and **Texas Family Code § 105.003(c).**

10. Defendant issued temporary orders on December 10, 2024, severely restricting Plaintiff's parental rights without conducting a full evidentiary hearing or making findings of fact to justify the restrictions. Plaintiff signed these orders "under duress" (CR 12/10/2024), as evidenced by her notation on the document and subsequent filings after objecting to everything.

11. Defendant disregarded Plaintiff's unrebutted evidence, including: police reports, affidavits, and text messages, while relying on unsupported allegations made by the opposing party that were disproved by evidence on the record.

12. Defendant exhibited bias and partiality by favoring the opposing party and his attorney, refusing to enforce court orders against the opposing party, and dismissing Plaintiff's motions without proper consideration. Defendant instead relied on unsupported claims, despite Plaintiff's evidence standing as truth due to lack of rebuttal.

13. Defendant's actions violated Plaintiff's **due process rights** by depriving her of a fair and impartial hearing and her **equal protection rights** by treating her differently from the opposing party without a legitimate basis. Defendant's statements went unchallenged by Alexander's counsel, yet Defendant took no corrective action.

14. Defendant's actions were not judicial in nature and exceeded the scope of her jurisdiction, as it involved procedural irregularities that deprived Plaintiff of her fundamental rights under the Fourteenth Amendment.

## CAUSES OF ACTION

### COUNT I: Violation of Due Process Rights (42 U.S.C. § 1983)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

16. Defendant, acting under color of state law, violated Plaintiff's **due process rights** under the **Fourteenth Amendment** by:

- Denying Plaintiff's request for a court reporter, thereby depriving her of the ability to create an official record of the proceedings, silencing her defense and obstructing appellate review.
- Issuing temporary orders under duress that restricted Plaintiff's parental rights without a full evidentiary hearing or findings of fact, mischaracterizing the proceeding as an "informal setting" despite its substantive impact.
- Disregarding Plaintiff's unrebutted evidence of abuse and disproven allegations, denying her a fair and impartial hearing (*Troxel v. Granville*, 530 U.S. 57, 65 (2000)).

17. Defendant's actions deprived Plaintiff of her fundamental right to maintain a relationship with her children, a liberty interest protected under the **Fourteenth Amendment**.

### COUNT II: Violation of Equal Protection Rights (42 U.S.C. § 1983)

18. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

19. Defendant, acting under color of state law, violated Plaintiff's **equal protection rights** under the **Fourteenth Amendment** by treating her differently from the opposing party without a legitimate basis.

20. Defendant's bias and partiality resulted in unequal treatment, as evidenced by her refusal to enforce court orders against the opposing party and her dismissal of Plaintiff's motions without proper consideration, infringing Plaintiff's constitutional rights.

### COUNT III: Declaratory and Injunctive Relief

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff seeks a declaratory judgment that Defendant's actions violated her constitutional rights under the **Fourteenth Amendment**.

23. Plaintiff seeks injunctive relief to prevent Defendant from continuing to deny her due process and equal protection rights in the ongoing family law case.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare that Defendant's actions violated Plaintiff's constitutional rights under the **Fourteenth Amendment**.

2. Issue an injunction requiring Defendant to:
   - Allow a court reporter to record all future proceedings in the family law case.
   - Conduct all future proceedings in a fair and impartial manner.

3. Award Plaintiff compensatory damages for the harm caused by Defendant's unconstitutional actions.

4. Award Plaintiff punitive damages to deter future misconduct.

5. Award Plaintiff her costs and any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

### PLAINTIFF'S DECLARATIONS

I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct to the best of my knowledge.

**Dated:** Mar 18, 2025

**Respectfully submitted,**

/s/ Dayana Alexander

**Dayana Alexander**
P.O. Box 114
Hockley, TX 77447
Email: info@agapeconsultations.com

*Pro Se Plaintiff/Litigant*